CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR - 8 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ANGELA REGINA GARRETT GDC#1001635876
(Enter above the full name and prisoner identification number of the plaintiff, GDC number if a state prisoner.)

1:16-CV-0755

-vs-

SERGEANT D.K. ABLASHI; OFFICER A.A. CHILTON; OFFICER R.R. McEWAIN; OFFICER S.D. AUBIN; COBB COUNTY DEPARTMENT OF PUBLIC SAFETY; COBB COUNTY JAIL; COBB COUNTY CIRCUIT DEFENDER'S OFFICE; LEE ARRENDALE STATE PRISON; RANDY HARRIS, ESQ; JOHN ALLEN HILDEBRAND, ESQ; JULIANNA PETERSON, ESQ; HOWARD WEINTRAUB, PA
(Enter above the full name of the defendant(s).)

I. **Previous Lawsuits**

A. Have you filed other lawsuits in federal court while incarcerated in any institution?

Yes ( )    No (✓)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____

2. Court (name the district): _____

3. Docket Number: _____

Rev. 12/5/07

1. **Previous Lawsuits (Cont'd)**

    4. Name of judge to whom case was assigned: _____

    5. Did the previous case involve the same facts?    ( ) Yes    ( ) No

    6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?
    _____
    _____

    7. Approximate date of filing lawsuit: _____

    8. Approximate date of disposition: _____

11. **Exhaustion of administrative Remedies**
    Pursuant to 28 U.S.C. 1997e (a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted. Exhaustion of administrative remedies Is a precondition to suit, and the prisoner plaintiff must establish that he/she has exhausted the entire institutional grievance procedure in order to state a claim for relief.

    A. Place of Present Confinement: __Whitworth Women's Facility__

    B. Is there a prisoner grievance procedure in this institution?    ( ) Yes    (✓) No

    C. Did you present the facts relating to your complaint under the institution's grievance procedure?    ( ) Yes    (✓) No

    D. If your answer is YES:
       1. What steps did you take and what were the results?
       _____
       _____
       _____

       2. If your answer is NO, explain why: This is Pl's 3rd custodial transfer. In the absence of State corrective process while incarcerated Pl exhausted all remedies available and thus herein complains of inadequate access to the courts.

III. **Parties**

(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of Plaintiff: Angela Regina Garrett

Address(es): 18721 NW 11 Place Miami, Fl 33169

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): A.A. Chilton; R.R. McEwain; SD Aubin; DK Ablashi Julianna Peterson; John Allen Hildebrand; Randy Harris; Howard Weintraub, P.A.; Cobb County Circuit Defenders Office; Cobb County Department of Public Safety; Cobb County Jail; Lee Arrendale State Prison

Employed as Police Officers; District Attorney; Circuit Defender Law Firm; Police Department; County Jail; State Prison

at Cobb County Dept of Public Safety; Cobb County Solicitors Office, Cobb County Circuit Defender, Cobb County, Ga; Habersham, GA.

IV. **Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

March 26, 2014 Def's Chilton & McEwain did unlawfully detain Pl at the door of her residence based solely on the uncorroborated testimony of an unknown person. Said person contacted 911 and alleged that a terroristic threat was made by an African American male. Prior to responding to the unit from which the call was made Def's Chilton & McEwain detained Pl an African American female & harassed Pl with questions regarding the male, which Pl informed Def's was not present in her home nor a party on her lease. Pl refused to consent to further questioning and a search of her home for the male. After Pl refused Def McEwain did willfully & wantonly lie to Pl regarding her obligation to consent to further questioning & a search of her home.

IV. Statement of Claim (Cont'd)

Def McEwain did threaten Pl with an unlawful arrest, following which said Def forced into Pl home, striking Pl and yelling at Pl demanding the location of the male. Def's McEwain & Chilton continued to willfully engage in misconduct by verbally assaulting & insulting Pl regarding racial issues which was overheard and reported by Pl's neighbors and recorded on an ongoing 911 call. While both Def's Chilton & McEwain lacked a particularized & objective basis for suspecting that Pl was involved in criminal activity & with neither officer placed in fear by Pl actions Def's Ablashi & Aubin did also unlawfully enter & search Pl's home. As Pl continued to refuse to provide any information for the unidentified male person Def Aubin placed Pl under an unlawful arrest for obstruction. While in hand cuffs Def Chilton did use unlawful and excessive force upon the face and body of Pl maliciously, causing injury. Pl was then falsely imprisoned by Def's Chilton, McEwain, Aubin & Ablashi in the living room of her home. Said Def's did again collectively use excessive force against the face & body of Pl including Def's Aubin placing his foot on the right side of Pl's face and pressing down while the other Def's kicked & beat Pl from behind. Said excessive force was witnessed by Pl neighbors & reported the following day to Def Cobb County Dept of Public Safety. Pl was wrongfully imprisoned in the back of a police car where Def Ablashi threatened Pl with arrest after Pl refused to exonerate the officer Def's from the injuries Pl sustained. Def McEwain then did further engage in willful misconduct by further antagonizing Pl while she was wrongfully detained in the car. Said Def did also threaten Pl with physical harm upon removing Pl from the car at an unknown location. Def Chilton did likewise threaten to falsely arrest Pl for battery

(cont. on add'l sheets

V. Relief

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

As relief Pl seeks actual & Compensatory Damages in the amount of 7,564,911 (seven million five hundred sixty four thousand, nine hundred eleven dollars for - Damages to reputation; Damage to earning capacity, Damage to Person, Malpractice, Medical Expenses, Cruel & unusual punishment Relocation Expenses Malicious Arrest, Prosecution & Interference with right to follow profession; 4th Amendment Violation, Excessive Force & False Imprisonment Pl seeks Punitive Damages in the Amount 15,000,000 (fifteen million dollars) for Malicious Arrest, Prosecution & Interference with right to follow Profession 4th Amendment Violation, Excessive Force, False Imprisonment & Intentional Infliction of Severe Emotional Distress.

Rev. 12/5/07

V.  Relief (Cont'd)

Pl also seeks payment of any legal fees associated with this matter

Singed this _____ day of _____, 20 16.

_Signature of Plaintiff_

STATE OF Georgia
COUNTY (CITY) OF Hart

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON 1/27/16
(Date)

_Signature of Plaintiff_

[Notary Seal: JAN BAILEY, NOTARY PUBLIC, Exp 2/5/17, HART COUNTY, GA]

Jan Bailey

Rev. 12/5/07

IV. Statement of Claim (cont'd)

Def Cobb County Circuit Defenders office refused to inform Pl's trial ct of the conflict of interest so that Pl could be appointed appellate counsel as provided by law. Pl made several formal complaints to said office, timely, to withdraw her entered plea as involuntary. Def Howard Weintraub did engage in misconduct by receiving $1200 on behalf of Pl for legal consultation & to be used towards engagement of new counsel. Said Def lawfirm, after taking Pl's money fraudulently misrepresented the ability to replace Def Hildebrand & demanded $30,000 upfront to act further. One phone conversation was had with Pl and none of the $1200 was returned to Pl prior to 8/26/15 when Pl involuntarily accepted a guilty plea. On 8/26/15 Pl met Def Hildebrand for the first time who alleged that Judge Kell used intemperate language & conduct towards said Def atty regarding Pl to coerce Pl into taking a guilty plea. Pl was incarcerated from 9/18/15 to 6/16/16 (tentatively) & Def Hildebrand maliciously refused to effectuate Pl's timely plea withdrawal notice, sentence modification motion & motion for New Trial. Def's Cobb County Jail & Lee Arrendale State Prison have extended Pl inadequate access to the courts. Def Julianna Peterson did negligently fail to notify the court of Pl timely pro-se notice seeking plea withdrawal. Def Cobb Circuit Def office did maliciously fail to effectuate Pl plea withdrawal and attempts to seek hearing from the court. Def Cobb County Police Dept did maliciously conceal exculpatory evidence of witness testimony, audio & visual recordings, and a 911 dispatch call to prevent the malicious prosecution of Pl by Def Peterson. Pl was denied medical treatment for eye injuries sustained from the aforementioned excessive force while incarcerated in Lee Arrendale State Prison. As a result Pl eye injuries were exacerbated. Pl has had several failed pregnancies & has been unable to perform sexually. Pl has suffered from mental frustration & psychotic episodes resulting in Pl's family pleading for her to seek mental counseling or risk disinheritance. Pl is mentally disturbed by police & racial profiling & has been unable to commit to her male significant other in light of this incident, who is African American & Native American. Pl suffers from severe depression & anxiety because of this situation. Pl is allergic to anti-depressants and continues to suffer from chronic pain to her person as a result of this matter. Pl has found a need for substance abuse treatment & extensive counseling & therapy as a result of this incident.

IV. Statement of Claim (cont'd)

& aggravated assault. Pl was unlawfully detained while bruised and bleeding for several hours & maliciously questioned regarding the unknown male before being transported to Cobb County Jail. Said Def's did maliciously attempt to conceal Pl injuries & place her in Cobb County Jail. Medical treatment was required, however, by Cobb County Jail prior to said custodian authorizing the booking of Pl. Said Def officers did maliciously arrest and arbitrarily charge Pl with maintaining a disorderly place & obstruction. After Pl made a formal complaint with Def Cobb County Dept of Public Safety, Def Ablashi did intentionally & maliciously contact Def Julianna Peterson who admitted in open court 9/18/15 (Pl sentencing hearing) that Pl's indictment was based solely on the fact that Def Ablashi called Def Peterson months after the incident and requested that she seek indictment. Said Def's sought to further injure Pl & interfere with Pl's right to follow her legal profession manifested by the timing of Def's Ablashi's contact with Def Peterson subsequent to Pl's formal complaint against Def Ablashi. Likewise the timing of Pl indictment and the culmination of her law school classes manifest said injury. Pl formerly suffered from misconduct by an officer employee of Def Cobb County Public Safety Dept. Said officer plead guilty after using abusive & offensive language towards Pl, a victim at the time in her own home. Pl feels that the supplanting of her 4th amendment rights by said Def officers was the continued willful, wanton, want of care of Def Cobb County Public Safety Dept which evinces indifference to consequences. Due to the ineffective assistance & willful misconduct of Def's John Allen Hildebrand, Julianna Peterson & Howard Weintraub, PA Pl involuntarily plead guilty to Obstruction. Def Hildebrand did act in concert with Pl's trial judges whom excused said Def's absence at every critical phase of Pl's criminal case including pretrial motions & demurrers, arraignment & subsequent hearings. Def Hildebrand did also misinform Pl regarding her legal rights and never completely informed Pl of the States communicated plea offer as well as any alternatives available. Def Hildebrand misinformed Pl regarding First Offender Ga statute by concealing the collateral consequences and altered sentence under said statute. Def Hildebrand did not pursue any prelitigation action and negligently failed to communicate with Pl from 3/27/14 - 8/26/15. Def Hildebrand did also willfully and wantonly refuse to file Pl's withdrawal of the involuntary plea of 10/6/2015, which was reported to Def Cobb County Circuit Defenders office. Said Def's office refused to replace Def Hildebrand as Pl's atty.

Certified copies to list below

Sergeant D.k. Ablashi

140 North Marietta Pkwy NE

Marietta GA  30060


Officer A.A. Chilton

140 North Marietta Pkwy NE

Marietta GA  30060


Officer R.R. McGwain

140 North Marietta Pkwy NE

Marietta GA  30060


Officer S. D. Audin

140 North Marietta Pkwy NE

Marietta GA  30060

Cobb County Department of Public Safety

140 North Marietta Pkwy NE

Marietta GA  30060

Cobb county Jail

1825 County Services Pkwy

Marietta GA  30060

Cobb County Circuit Defenders Office

32 Waddell Street

Marietta GA  30090

Lee Arrendale State Prison

2023 Gainesville Hwy

Alto GA 30510

John Hildebrand

234 W Dixie AV SE

Marietta GA  30008

Randy Harrrisiesqi

Circuit Defenders Office

32 Waddell Street

Marietta GA  30090


Julianna Peterson

Circuit District Attorney

70 Haynes Street

Marietta GA  30090


Howard  Weintraub

1355 Peachtree ST NE

Atlanta  GA 30309


Richard B. Russel Federal Building

75 Spring ST NW

Atlanta , GA 30303

Marietta GA  30060


Cobb County  police Headquarters

140 North Marietta Pkwy NE

Marietta GA  30060