# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANGELA REGINA GARRETT, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SERGEANT | : | |
| D. K. ABLASHI et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:16-CV-755-ELR-AJB |

## UNITED STATES MAGISTRATE JUDGE'S
## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, Angela Regina Garrett, a former prisoner, submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 primarily in connection with her arrest and prosecution in Cobb County. [Doc. 1.] The Court granted Plaintiff's requests to proceed *in forma pauperis*, [Docs. 3, 12], and Plaintiff has paid the initial partial filing fee, [*see* Dkt. Entry Aug. 19, 2016]. The complaint is now before the Court for screening under 28 U.S.C. § 1915A.

## I.  28 U.S.C. § 1915A Standard

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief."

AO 72A
(Rev.8/82)

28 U.S.C. § 1915A(a), (b)(1) & (2).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A viable claim must be "plausible on its face."  *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam).  The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully.  *See Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 803 F.3d 565, 568 (11th Cir. 2015) (per curiam).

The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  This leniency does not permit the Court to act as counsel for

AO 72A
(Rev.8/82)

a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). Section 1983 specifies that the defendant must be a "person." 42 U.S.C. § 1983.

## II.   Discussion

Plaintiff brings this action against the following Defendants: Sergeant D. K. Ablashi; Officers A. A. Chilton, R. R. McEwain, and S. D. Aubin; the Cobb County Department of Public Safety; the Cobb County Jail; the Cobb County Circuit Defender's Office; Public Defenders Randy Harris, John Allen Hildebrand, and Howard Weintraub; District Attorney Julianna Peterson; and Lee Arrendale State

Prison ("Arrendale") in Alto, Georgia, which was one of Plaintiff's previous places of confinement. [Doc. 1 at 1, 3, 8-9.]

Plaintiff alleges that Officers Chilton and McEwain responded to a 911 call regarding a "terroristic threat" made by a man at Plaintiff's home on March 26, 2014. [*Id.* at 3.][1] Plaintiff refused to answer the officers' questions or allow them to search the home. [*Id.*] Chilton and McEwain verbally abused and threatened Plaintiff and then searched the home without her consent and with the assistance of Sergeant Ablashi and Officer Aubin. [*Id.* at 4.] Aubin arrested Plaintiff for obstruction and handcuffed her. [*Id.*]

Aubin then "plac[ed] his foot on the right side of [Plaintiff's] face and press[ed] down while [Ablashi, Chilton, and McEwain] kicked and beat Plaintiff from behind," causing bruising and bleeding. [*Id.* at 4, 7.] Plaintiff pleaded guilty to the obstruction charge and was convicted. [*Id.* at 7.] While housed in Arrendale, Plaintiff "was denied medical treatment for eye injuries." [*Id.* at 6.] Plaintiff seeks monetary relief. [*Id.* at 4-5.]

---

[1] Because Plaintiff executed her complaint on January 27, 2016, [*see* Doc. 1 at 5], this action satisfies the two-year statute of limitations that applies to § 1983 actions in Georgia. *See Combs v. Nelson*, 419 Fed. Appx. 884, 886 (11th Cir. Jan. 18, 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)).

A. **Excessive Force**

Plaintiff's claim that Ablashi, Aubin, Chilton, and McEwain used excessive force implicates the Fourth Amendment's protection against unreasonable seizures. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).[2]

> Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. . . . [The] proper application [of the test of reasonableness under the Fourth Amendment] requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [she] is actively resisting arrest or attempting to evade arrest by flight.
>
> The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . .
>
> [T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

*Id.* at 396-97 (citations and internal quotation marks omitted); *see also Terrell v. Smith*,

---

[2] "The Fourth Amendment is applicable to [local officials] under the Due Process Clause of the Fourteenth Amendment." *Reese v. Herbert*, 527 F.3d 1253, 1261 n.11 (11th Cir. 2008) (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961), and *Graham*, 490 U.S. at 395, explaining that substantive due process does not apply to claim of excessive force during arrest).

5

668 F.3d 1244, 1250-51 (11th Cir. 2012) (noting that courts "balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate") (quoting *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009)).

Plaintiff states individual-capacity excessive force claims against Ablashi, Aubin, Chilton, and McEwain because they allegedly kicked and beat her gratuitously after she was arrested and handcuffed. Plaintiff does not state official-capacity claims against those Defendants because she fails to allege facts showing that an official policy or custom caused a deprivation of her constitutional rights. *See Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005).

### B.  Illegal Search and Seizure, False Arrest, False Imprisonment, and Malicious Prosecution

Plaintiff's claims of illegal search and seizure, false arrest, false imprisonment, and malicious prosecution cannot proceed at this time under *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

6

*Id.* at 486-87. Plaintiff does not allege that her conviction or sentence has been reversed, expunged, declared invalid, or otherwise called into question. Plaintiff is obligated to show the invalidity of her conviction or sentence regardless of the relief she seeks or the defendants she targets. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Because Plaintiff has not done so, *Heck* bars her claims of illegal search and seizure, false arrest, false imprisonment, and malicious prosecution, and she cannot overcome that bar by amending her complaint. *See Mims v. Anderson*, 350 Fed. Appx. 351, 353 (11th Cir. Oct. 19, 2009) (per curiam).

### C.   Remaining Claims and Defendants

Plaintiff's claims regarding verbal abuse and threats are frivolous. "[The] Constitution does not protect against all intrusions; fear or emotional injury resulting solely from verbal harassment or idle threats [is] generally insufficient to state [a] constitutional violation." *Unuvar v. City of Key West, Fla.*, 394 Fed. Appx. 628, 630 (11th Cir. Aug. 26, 2010) (per curiam) (citing *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991)).

The Cobb County Department of Public Safety and the Cobb County Jail are not entities subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Brannon v. Thomas Cty. Jail*, 280 Fed. Appx. 930, 934 n.1 (11th Cir. June 9, 2008) (per

curiam). Plaintiff also cannot sue the Cobb County Circuit Defender's Office because that entity is not a "person." *See* 42 U.S.C. § 1983.

Plaintiff's attempt to sue the attorneys involved in her criminal case also fails. Public Defenders Harris, Hildebrand, and Weintraub cannot be sued under § 1983 because they "[do] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 318-19, 325 (1981). District Attorney Peterson is entitled to absolute immunity from Plaintiff's § 1983 suit for damages. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

Finally, Plaintiff's claim that she was denied medical treatment at Arrendale is unrelated to the other claims in this action. Plaintiff neither alleges sufficient facts regarding the denial nor identifies any individuals responsible for the denial. Arrendale is located in Habersham County, within the jurisdiction of this Court's Gainesville Division. *See* 28 U.S.C. § 90(a)(1). Accordingly, Plaintiff must file a separate case in the Gainesville Division if she wishes to pursue a claim relating to Arrendale.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) Plaintiff be **ALLOWED TO PROCEED** as in any other civil action on her individual-capacity excessive force claims against Sergeant Ablashi and Officers Aubin, Chilton, and McEwain, (2) Plaintiff's claim relating to Lee Arrendale State Prison be **DISMISSED WITHOUT PREJUDICE**, and (3) all of Plaintiff's remaining claims and all remaining Defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

Should the District Court allow Plaintiff's individual-capacity excessive force claims to proceed, the undersigned will by separate order direct the Clerk regarding service of process.

**IT IS SO RECOMMENDED and DIRECTED**, this  25th  day of January, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)